UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-22390-RAR
(07-CR-20584-RAR-2)

**JOSE GONZALEZ**,

 Petitioner,

v.

**UNITED STATES OF AMERICA**,

 Respondent.
_____/

### ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

**THIS CAUSE** comes before the Court on *pro se* Petitioner Jose Gonzalez's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. *See* Petition ("Pet.") [ECF No. 1]. In his Petition, Gonzalez argues that, because of the Supreme Court's recent decision in *United States v. Taylor*, 142 S. Ct. 2015 (2022), he is "actually innocent" of his conviction under 18 U.S.C. § 924(c) for carrying a firearm in relation to a crime of violence and drug trafficking crime in Case No. 07-CR-20584. *See* Pet. at 6–7.

In a Memorandum of Law ("Memo.") filed contemporaneously with the Petition, Petitioner concedes that—in normal circumstances—this type of claim should be raised in a motion to vacate under 28 U.S.C. § 2255. *See* Memo. at 3, 5. However, according to Petitioner, he should instead be allowed to bring his current claims in a § 2241 habeas petition under § 2255(e)'s "saving clause" because § 2255(h)'s general bar on second or successive motions has made § 2255 an "inadequate or ineffective [remedy] to test the legality of his detention." *Id.* at 5. Unfortunately for Petitioner, this argument has been soundly rejected by the Supreme Court in *Jones v. Hendrix*, 599 U.S. __, 2023 WL 4110233 (U.S. June 23, 2023) and the Eleventh Circuit in *McCarthan v. Director of*

*Goodwill Industries-Suncoast, Inc.*, 851 F.3d 1076 (11th Cir. 2017) (en banc).  Accordingly, the Court must construe the Petition as a motion to vacate under § 2255 and then **DISMISS** it as an unauthorized second or successive motion.

## PROCEDURAL HISTORY

Petitioner is currently serving a 300-month sentence in the custody of the Bureau of Prisons after a jury found him guilty of conspiracy to possess with intent to distribute five or more kilograms of cocaine (Count 1), attempt to possess with intent to distribute five or more kilograms of cocaine (Count 2), conspiracy to commit Hobbs Act robbery (Count 3), attempt to commit Hobbs Act robbery (Count 4), carrying a firearm in relation to a crime of violence and drug trafficking crime (Count 5), and felon in possession of a firearm (Count 6).  *See* Second Amended Judgment, *United States v. Gonzalez*, No. 07-CR-20584-2 (S.D. Fla. Apr. 5, 2010), ECF No. 239 at 1–2.  After the Eleventh Circuit affirmed these convictions and sentences, *see United States v. Gonzalez*, 322 F. App'x 963, 974 (11th Cir. 2009),[1] Petitioner filed a motion to vacate under 28 U.S.C. § 2255 in Case No. 10-CV-21048.  The Court adopted Magistrate Judge Patrick A. White's report and recommendation that the motion to vacate be denied.  *See Gonzalez v. United States*, No. 10-CV-21048, 2010 WL 4942967, at *19 (S.D. Fla. Nov. 4, 2010), *report and recommendation adopted*, 2010 WL 4940048 (S.D. Fla. Nov. 30, 2010).

Gonzalez has since brought two applications with the Eleventh Circuit to file successive motions to vacate.  Gonzalez's first application—which was based on the Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591 (2015)—was denied because "*Johnson* does not apply to the [Sentencing] Guidelines for the purpose of permission to file a second or successive § 2255 petition."  *In re: Jose Gonzalez*, No. 16-14339, at *1 (11th Cir. July 26, 2016).

---

[1] The Eleventh Circuit did vacate in part Petitioner's original judgment, but only because the judgment contained a "clerical error."  *Gonzalez*, 322 F. App'x at 965 n.1.

Gonzalez's second attempt was more successful, as the Eleventh Circuit held that, in light of the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), Petitioner was allowed to file a successive § 2255 motion since "it is unclear whether the predicate offense of his § 924(c) conviction was a crime of violence or drug-trafficking crime." *See* Order Granting Leave to File Successive Motion, *Gonzalez v. United States*, No. 19-CV-24983 (S.D. Fla. Dec. 3, 2019), ECF No. 1 at 3. The Court ultimately found that Petitioner "had not established that it was more likely than not that the § 924(c) count was predicated solely on conspiracy to commit Hobbs Act robbery" and denied the successive motion. Order Denying Motion, *Gonzalez v. United States*, No. 19-CV-24983 (S.D. Fla. July 23, 2020), ECF No. 9 at 9. The Eleventh Circuit summarily affirmed the denial based on its recent decision in *Granda v. United States*, 990 F.3d 1272 (11th Cir. 2021). *See Gonzalez v. United States*, 856 F. App'x 801, 804 (11th Cir. 2021). This Petition follows.

## **ANALYSIS**

Petitioner argues that he is "actually innocent" of his § 924(c) conviction because, after the Supreme Court's decision in *Taylor*, "conspiracy to commit Hobbs Act robbery and attempted Hobbs Act robbery are no longer . . . 'crime[s] of violence'" within the meaning of 18 U.S.C. § 924(c)(3)(A)." Pet. at 6–7. Normally, a claim like this <u>must</u> be raised in a § 2255 motion to vacate—not a § 2241 petition for writ of habeas corpus. *See Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1351 n.1 (11th Cir. 2008) ("It is also clear that a § 2255 motion is the <u>exclusive remedy</u> for a federal prisoner to collaterally attack his conviction and sentence[.]" (emphasis added)). However, Congress created a very narrow exception to this rule in § 2255(e), also known as the "saving clause," which provides that a federal prisoner can file a habeas petition if a § 2255 motion would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *see also Jones*, 2023 WL 4110233, at *6 ("Congress preserved the habeas remedy in

cases where the remedy by motion is inadequate or ineffective to test the legality of a prisoner's detention." (cleaned up)).  Petitioner asserts that § 2255 is "inadequate," and that he is entitled to rely on the saving clause, since (1) *Taylor* means he is now "actually, factually, and legally innocent of the predicate offenses that were used to enhance him under 18 U.S.C. § 924(c)(1)(A)," but (2) he is not allowed to raise this claim in a second or successive motion under § 2255(h).  *See* Memo. at 13.[2]

This exact argument—that § 2255(e) can circumvent the bar on second or successive motions if there is a "more favorable interpretation of statutory law after [the prisoner's] conviction became final and his initial § 2255 motion was resolved"—has been rejected by both the Supreme Court and the Eleventh Circuit.  *Jones*, 2023 WL 4110233, at *4.  In *McCarthan*, the Eleventh Circuit explained that the existence of a procedural bar, such as § 2255(h)'s restriction on second or successive motions, does not make § 2255 an "ineffective" remedy because it can still (even if only in theory) provide a prisoner with the relief he or she seeks.  *See* 851 F.3d at 1086 ("A procedural rule that might prevent success on a particular motion does not render the remedy an inadequate 'means' so long as it is capable of 'enforc[ing]' or 'redress[ing]' the right. The motion to vacate is an adequate remedy for McCarthan because if he succeeds, the court must 'vacate and set the judgment aside' and either release or retry him." (alterations in original)).  The Supreme Court recently confirmed and adopted the Eleventh Circuit's reading of § 2255(e). *See Jones*, 2023 WL 4110233, at *7 ("[Several Courts of Appeals had] held that § 2255 was 'inadequate and ineffective' under the saving clause—and that § 2241 was therefore available— when AEDPA's second-or-successive restrictions barred a prisoner from seeking relief based on

---

[2]  To clarify, the Court takes no position as to whether Petitioner's claims, if raised in an application to file a second or successive § 2255 motion before the Eleventh Circuit, would be successful under § 2255(h) since its applicability is ultimately irrelevant to the outcome of this case.

a newly adopted narrowing interpretation of a criminal statute that circuit precedent had foreclosed at the time of the prisoner's trial, appeal, and first § 2255 motion. . . . We now hold that the saving clause does not authorize such an end-run around AEDPA.").

Thus, the saving clause only applies when "a federal prisoner seeks to challenge the execution as opposed to the legality of his sentence, such as the deprivation of good-time credits or parole determinations," when "the sentencing court is unavailable or dissolved," or "where practical considerations like multiple sentencing courts prevent a federal prisoner from filing a § 2255 motion." *Amodeo v. FCC Coleman-Low Warden*, 984 F.3d 992, 999–1000 (cleaned up); *accord Jones*, 2023 WL 4110233, at *7–8. Since none of these limited exceptions apply to the instant case, Petitioner cannot use the saving clause to bring this Petition and collaterally attack his sentence. To hold otherwise, the Eleventh Circuit explained, would create a "third exception" to § 2255(h) and render that provision a "nullity." *McCarthan*, 851 F.3d at 1090. Although the language of § 2255 might prevent Petitioner from raising his current claims on collateral review, this fact alone is insufficient to "activate" the saving clause. *See Jones*, 2023 WL 4110233, at *9 ("Section 2255(h) specifies the two limited conditions in which Congress has permitted federal prisoners to bring second or successive collateral attacks on their sentences. The inability of a prisoner with a statutory claim to satisfy those conditions does not mean that he can bring his claim in a habeas petition under the saving clause. It means that he cannot bring it at all.").

Since the saving clause does not apply, the Court must reconstrue the Petition as a motion to vacate under § 2255. *See Antonelli*, 542 F.3d at 1352 ("[A] prisoner may not avoid gatekeeping under § 2244(b) or § 2255(h) by a mere change of caption when, in substance, their lawsuit collaterally attacks a sentence."); *see also, e.g.*, *Candelaria v. Warden, F.C.I. Miami*, No. 23-CV-22243, 2023 WL 4186412, at *4 (S.D. Fla. June 26, 2023) (reconstruing improperly filed § 2241 petition under the saving clause as a § 2255 motion). In doing so, the Court must dismiss the

Petition as an unauthorized successive § 2255 motion, as Petitioner has already filed multiple § 2255 motions challenging the same federal criminal conviction and did not receive permission from the Eleventh Circuit to file the instant Petition. *See Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) ("Because Farris was moving to vacate his sentences and he previously filed a § 2255 motion, the district court did not err in construing his motion as a successive § 2255 motion."); *Parson v. Warden*, 836 F. App'x 825, 829 (11th Cir. 2020) ("Because Parson's claim fails to satisfy the § 2255(e) criteria as we have construed them, under our precedent, the district court lacked jurisdiction and properly dismissed Parson's petition [as successive].").

## CONCLUSION

Since the Petition is successive, this Court lacks jurisdiction to consider the contents therein unless the Eleventh Circuit Court of Appeals grants Petitioner's application to file a second or successive petition. *See Osbourne v. Sec'y, Fla. Dep't of Corr.*, 968 F.3d 1261, 1264 (11th Cir. 2020) ("Absent authorization from [the court of appeals], the district court lacks jurisdiction to consider a second or successive habeas petition."); *accord* 28 U.S.C. § 2244(b)(3)(A). In addition, the Court cannot issue a certificate of appealability, as it lacks jurisdiction to consider the Petition. *See Williams v. Chatman*, 510 F.3d 1290, 1295 (11th Cir. 2007) ("Without such authorization, the district court lacked subject matter jurisdiction to consider the successive petition, and therefore could not issue a COA with respect to any of these claims.").

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Petition [ECF No. 1] is **DISMISSED** for lack of subject-matter jurisdiction.
2. The Clerk is **DIRECTED** to file this Order and the Petition [ECF No. 1] in Case No. 07-CR-20584-RAR-2.
3. All pending motions are **DENIED as moot**.
4. A certificate of appealability shall **NOT ISSUE**.

5. This case is **CLOSED**.

**DONE AND ORDERED** in Miami, Florida, this 5th day of July, 2023.

_____

**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

cc: Jose Gonzalez
78836-004
FCI Miami
Inmate Mail/Parcels
P.O. Box 779800
Miami, FL 33177